508

Maryann Smith, Petitioner *v.* Workmen's Compensation Appeal Board (Futura Industries), Respondents.

Argued December 5, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Dale G. Larrimore,* for petitioner.

*Susan McLaughlin, Harvey, Pennington, Herting & Renneisen, LTD,* for respondent, Futura Industries.

OPINION BY JUDGE MACPHAIL, February 29, 1984:
Maryann Smith (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board

(Board) dated April 1, 1982, which reversed the decision of the referee and dismissed her Petition for Reinstatement.

The Board reversed the decision of the referee on the basis of an error of law; however, the fact findings of the referee were not disturbed. The referee found as fact that Claimant suffered a compensable injury on July 25, 1975, and received compensation from July 26, 1975, through October 24, 1976. At that time Claimant returned to work with Futura Industries (Employer), her employer at the time of her injury. She returned to modified work at the same or greater wages, and compensation was suspended. Claimant's medical condition remained substantially unchanged from October 26, 1976, and she remains physically incapable of performing the job that she held at the time of her injury. On February 13, 1979, Claimant was laid off from her job as a result of a downturn in the Employer's business, and subsequently sought reinstatement of benefits. The referee found that the Employer failed to carry its burden of proving that there are jobs available to Claimant which she is able to perform within the physical limitations of her continuing disability.

The referee further concluded as a matter of law that since Claimant had proved that she remained disabled from performing her former job because of her work-related injury, and Employer had failed to prove that other jobs were available to Claimant within her abilities. Claimant was entitled to compensation for total disability.

The Board considered this matter and, in an opinion dated June 11, 1981, ordered reargument on the issue of whether an Employer is forever an insurer of

job availability to a partially disabled claimant or whether, once the employer has met the burden of showing job availability, the claimant must prove a change in physical condition to justify a reinstatement of compensation for total disability.

In their order dated April 1, 1982, following re-argument, the Board determined that the referee had made an error of law in imposing the burden of proof upon Employer. The Board stated that "[O]nce the burden of proving jobs are available has been met there must be a change in the physical condition of the Claimant in order for a Claimant to be entitled to further disability payments."[1] In support of their decision, the Board discusses three sets of circumstances, all of which may be distinguished from the instant case.

The Board first examines a case where a claimant returns to his usual job without a loss of earnings. Clearly this is not the present case. Although Claimant suffered no loss of earnings, she returned to modified, lighter work but was unable to perform her usual job. Next, the Board cites an instance in which a claimant has not returned to any work and a referee has found as fact that jobs are available which the claimant can do and therefore orders partial disability payments. In the instant case, when a job became available Claimant returned to work. Finally, the Board cites *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 413 A.2d

---

[1] The referee in the case *sub judice* having found that the Employer had failed to meet the burden of proving job availability, we understand the Board to mean that the Employer must have met that burden *at one time* and need not do so a second time. In this case, of course, the Employer did meet its burden when Claimant first returned to modified work with the Employer after her injury.

432 (1980),[2] for the standard of proof required for a claimant to go from partial to total disability. Again the citation is inapposite. The Claimant here does not *allege* that she is totally disabled; rather, the award of total disability payments was based upon the Employer's failure to prove job availability. *See Steinle v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 241, 248, 393 A.2d 503, 507 (1978).

Claimant's compensation payments were suspended because she ceased to suffer from a loss of earnings. The relevant statutory provision at issue is Section 413 of The Pennsylvania Workmen's Compensation Act (Act),[3] which provides in pertinent part:

> where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.

Claimant seeks such resumption of benefits, not a modification or redetermination of her degree of disability.

Section 413 states that a referee may "modify, reinstate, suspend or terminate a notice of compensation payable." Modification and reinstatement are two different things. The party seeking to modify a compensation agreement has the burden of showing a

---

[2] In *Klingler*, the claimant and employer had entered into a stipulation awarding partial disability payments over a specific period of time. At the expiration of the time, the claimant sought modification alleging a recurrence of total disability. This Court found that the claimant did not meet the burden of proving he was totally disabled.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

change in the Claimant's physical condition. *See Airco-Speers Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). However, where there has been a suspension of benefits because the employer has provided a modified job which the partially disabled claimant is able to perform, and the claimant subsequently seeks reinstatement of benefits based on loss of earnings because he has been laid off from the modified job, the burden of proof is different.[4]

We hold that under the present facts, the partially disabled Claimant who has been laid off from a modified job provided by the Employer and seeks reinstatement of benefits, has met her burden of proof by showing that she is unable to perform her time-of-injury job. The Employer then has the burden of proving the availability of work which Claimant is capable of performing; in other words, the standard

---

[4] It is important to distinguish this factual situation from one in which the claimant has been discharged for misconduct, *e.g., Workmen's Compensation Appeal Board, v. J. W. Galbreath & Co.,* 20 Pa. Commonwealth Ct. 283, 341 A.2d 541 (1975) ; or where the loss of earnings is caused because the claimant resigns from the position provided by the employer, *P.P.G. Industries, Inc. v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 61, 315 A.2d 906 (1974). Our decision in the instant case does not change the prior decisions of this Court where the facts were different. Nor is this decision meant to address the case where a partially disabled claimant has been employed by a different employer and subsequently loses that position.

The case *sub judice* presents a unique factual circumstance. We do not imply that the Employer was in any way intending to subvert either the letter or the spirit of the Act. Nevertheless, this is a situation which has a unique potential for abuse if the employer can forever meet the burden of showing job availability by providing a modified job for a partially disabled claimant. It is our intention to find the middle ground between that situation and one where the employer is forever the insurer of a job for a partially disabled claimant.

burden of proof in a workmen's compensation case. *E.g., Halloran v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealtht Ct. 144, 410 A.2d 420 (1980). The Board, therefore, has misapprehended the correct legal standard and must be reversed for error of law. The referee correctly allocated the burden of proof and made the necessary findings of fact and conclusions of law; accordingly, we reinstate the order of the referee.[5]

## ORDER

The order of the referee of October 17, 1980, granting the Petition for Reinstatement is hereby reinstated and the order of the Workmen's Compensation Appeal Board at Docket No. A-80312 dated April 1, 1982, is hereby reversed.

---

[5] The Employer has requested that we remand for further findings on the issue of availability of work. The Employer had ample opportunity to present evidence to the referee, and did in fact have the testimony of an expert witness in this regard; nevertheless, the referee found that the Employer had not met its burden of proof. The Employer asserts that a copy of its expert's report is proof that its failure to prove job availability is the result of a technical defect in the record. We cannot agree. The referee having made the necessary findings without a capricious disregard of evidence of record, a remand is not appropriate.