508 A.2d 1327

Bethuel Davis, Petitioner *v.* Workmen's Compensation Appeal Board (Graterford Prison), Respondents.

Argued April 7, 1986, before Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Lee B. Balefsky, Greitzer and Locks,* for petitioner.

*Picard Losier,* with him, *Paul Dufallo* and *John Veith,* Assistant Chief Counsel, for respondents.

OPINION BY JUDGE ROGERS, May 14, 1986:

Bethuel Davis (claimant) appeals from a decision of the Workmen's Compensation Appeal Board (board)

affirming the decision of the referee denying his petition for reinstatement of compensation.

The claimant was employed by the Commonwealth of Pennsylvania, at SCI-Graterford (employer), as a Correctional Officer I in the classified service. On September 25, 1972, he was assigned work as instructor and supervisor of inmates in pest control and extermination. These duties were foreign to the stated duties of the claimant's job classification. On December 22, 1976, the claimant was injured in an automobile accident in the course of his work as a pest control instructor and supervisor and sustained injuries to his back, neck and shoulders, for which he received compensation for temporary total disability at a rate of $183.73 per week from December 23, 1976 to February 22, 1977 inclusive.

The claimant returned to work for the employer on February 23, 1977 and compensation was suspended. He continued to perform the duties of instructor and supervisor of pest control and extermination which he was able to do because the inmates did the actual physical labor and the claimant was able to discharge his duties while seated.

On September 1, 1977, the claimant was assigned to the more strenuous work of a correctional officer apparently by reason of directives requiring persons to perform the duties of their classification in the service. He was required to stand most of the time, supervise inmates, break up fights and attend the security gate, which included closing and opening the heavy gate doors. He repeatedly complained to the employer that he could not perform these duties. However, he continued this work until March 1, 1978 when he retired because of his inability to perform this work. The claimant then filed a petition for reinstatement of compensation benefits for total disability.

In refusing the claimant reinstatement, the referee concluded that:

2. Although Claimant was classified as a correctional office [sic] the duties of his job were those of instructor and supervisor of pest control and exterminating; and when he had returned to work he continued to perform the same duties, there was no legal requirement shown that Defendant had to keep Claimant in said job from an employment contractual relationship standpoint.

3. Said lighter duty job in effect, having been eliminated by Defendant through governmental order there was no duty or burden on Defendant to show further job availability which Claimant could perform....

....

4. Claimant's medical evidence having shown that he had been and is able to perform the light duty job which he had as of February 23, 1976 compensation should be continued suspended under the provisions of Workmen's Compensation Act as amended.

5. Defendant or Carrier should pay Claimant compensation for the following periods when Claimant was unable to work by reason of the work related injury of December 22, 1976 namely from January 1, 1978 to January 5, 1978 inclusive; from January 16, 1978 to February 27, 1978; Claimant no [sic] having had any earnings during said periods he should receive compensation at the rate of $182.73 per week together with interest at 10% per annum on all deferred payments thereof.

6. Claimant not having introduced sufficient evidence to show any change [sic] his physical condition to warrant a finding of total disability

and no claim having been made for same compensation should continue suspended until such time as Claimant's condition may change or cease as provided by the Workmen's Compensation Act, as amended.

On appeal the board affirmed the decision of the referee, based upon its interpretation of our decision in *Smith v. Workmen's Compensation Appeal Board*, 80 Pa. Commonwealth Ct. 508, 471 A.2d 1304 (1984). In that case we held that a partially disabled employee, whose benefits are suspended because a modified job has been provided by the employer, who seeks reinstatement of benefits when laid off from the modified work has met his burden of proof by establishing his inability to perform the time-of-injury job and that the employer must then prove the availability of work the claimant can do.

The claimant contends that the referee and the board misapplied the *Smith* case. We agree with the claimant.

The board wrote that the referee relied on the board's decision in *Smith*, which we had reversed. The board wrote:

> The problem that arises in this case is what was the claimant's job. The referee found at the time of injury the claimant was an instructor and supervisor of pest control and had performed that job for several years before his injury. At all times, his classification was that of correctional officer.

The board then rested its decision on our language in *Smith*:

> [U]nder the present facts the partially disabled Claimant who has been laid off from a modified job provided by the Employer and seeks reinstatement of benefits, has met her burden of

proof by showing that she is unable to perform her time-of-injury job.

*Smith,* 80 Pa. Commonwealth Ct. at 512, 471 A.2d at 1307. The Board concluded that since the claimant was still physically able to perform the job of instructor and supervisor of pest control which was his job at the time of his injury he had not, as the claimant in *Smith,* shown that he was "unable to perform [his] time-of-injury job."

The employer here takes contradictory positions. It first asserts that the claimant always held the position in the classified service of Correctional Officer I so that it was proper to require him to perform the duties of that job after he was injured while performing the pest control duties. The employer however also asserts that the claimant's time-of-injury position was that of instructor and supervisor of inmates in pest control and extermination not of correctional officer requiring him to prove that he could not do that job. We believe that the employer was right the first time and that the claimant was always a Correctional Officer I. Although he was assigned to light duties unusual to that position, he remained a correctional officer. Hence, we hold that the claimant's time-of-injury job was that of a correctional officer. Since the referee found that the claimant was disabled from performing the usual duties of a correctional officer, his time-of-injury job, the claimant has met his burden of proof required for reinstatement of benefits. The employer then had the burden to prove the availability of work which the claimant is capable of performing. *Smith.* The employer produced no evidence of the availability of work which the claimant is capable of performing.

We reverse the board's order insofar as it denies the claimant compensation during the period beginning with his retirement on March 1, 1978. The record is

remanded for an order consistent herewith. Jurisdiction is relinquished.

ORDER

AND NOW, this 14th day of May, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed insofar as it denies the claimant compensation during the period beginning with his retirement on March 1, 1978; the record is remanded for an order consistent herewith. Jurisdiction is relinquished.