614 A.2d 779

Lodovico SPINABELLI, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MASSEY BUICK, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1992.

Decided July 21, 1992.

Publication Ordered Sept. 30, 1992.

Amiel B. Caramanna, Jr., for petitioner.

Michael D. Sherman, for respondent.

Before PALLADINO and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Before the court is an appeal from a decision of the Workmen's Compensation Appeal Board reversing a referee's decision to grant a reinstatement petition.[1]

Lodovico Spinabelli (claimant) sustained a work-related injury on December 22, 1981. He received workmen's compensation benefits pursuant to a notice of compensation payable issued by Massey Buick (employer). Employer filed a petition for modification or suspension of benefits in May of 1984, alleging that it had offered claimant employment within his physical restrictions but that claimant had refused such employment. By decision of April 28, 1986, a referee decided in favor of employer and modified the benefits. The referee found that employer offered claimant a job as a car jockey in February of 1983 and a job as an auto emissions technician in July of 1984, after the petition was filed, and that claimant refused both positions. This decision was not appealed.

On May 29, 1986, approximately one month after the referee issued his decision, claimant filed a reinstatement petition alleging that he attempted to return to light duty work on May 21, 1986, but that employer informed him that no light duty work was available. After a hearing before the same referee, the referee issued a decision reinstating claimant's total disability benefits. The referee found that claimant had attempted to secure light duty employment with employer, but that employer did not make suitable light duty work available

1. This case was reassigned to this opinion writer on May 28, 1992.

to claimant. On appeal the board reversed, concluding that claimant had to prove a change in his physical condition in order to get reinstatement of total disability benefits. This appeal by claimant followed.

The sole issue before the court is whether a claimant, whose total disability benefits have been modified to partial disability benefits because of his refusal to perform work within his physical limitations, satisfies his burden of proof on a petition to reinstate by showing that a previously available, specially created, light duty job is no longer available.[2]

Claimant argues that because the referee found that the jobs originally offered to claimant were specially created for claimant, and that no one had filled these jobs since they were created, the employer should continue to bear the burden of showing that these jobs are available. Claimant relies on *Smith v. Workmen's Compensation Appeal Board (Futura Industries)*, 80 Pa.Commonwealth Ct. 508, 471 A.2d 1304 (1984), where a claimant employed at a modified job following her injury at work filed a petition to reinstate total disability benefits after she was laid off from her modified position by her employer. In that case we upheld the reinstatement because of our concern that employers could avoid their responsibility to prove job availability by offering a claimant a modified job and then laying off the claimant after a short period of time.

*Smith* is clearly distinguishable from the present case. In the present case, we have a finding from the referee's first decision that claimant acted in bad faith in failing to pursue available jobs. A claimant is required to make a good faith effort to obtain an available job in order to avoid modification of benefits under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Because the referee made a finding that the jobs

2. Our scope of review where, as here, the Board takes no additional evidence, is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

offered by employer were specially created for claimant and that the positions had not been filled, claimant attempts to analogize this case to a case such as *Smith* where the employer creates a position which claimant accepts and which employer then eliminates. In that case employer would have the burden of proving that additional work was available.

■ Where we have a finding that a claimant has failed to pursue jobs in good faith, we do not believe the employer has the responsibility of keeping a job open indefinitely, waiting for the claimant to decide when he wants to work. As the board states in its decision, claimant's loss of earning power is not due to his disability, but due to his lack of good faith in pursuing work made available to him which was within his physical limitations. In order to receive a reinstatement of total disability benefits, claimant must prove a change in his condition such that he could no longer perform the jobs previously offered to him.

For the foregoing reasons, we will affirm the board.

### ORDER

NOW, this 21st day of July, 1992, the order of the Workmen's Compensation Appeal Board, dated March 28, 1991, at No. A89–834, is affirmed.

PALLADINO, Judge, dissenting.

I respectfully dissent. For the following reasons, I would reverse the Board and reinstate the referee's order which granted Claimant's petition for reinstatement of total disability benefits.

In 1984, Employer filed a petition for suspension or modification of Claimant's total disability benefits. To satisfy its burden of proving entitlement to a modification of Claimant's benefits, Employer had to produce evidence of referrals to then-available jobs within Claimant's physical limitations. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987). Employer presented evidence showing that it had offered Claimant a

job which it had specially created within Claimant's physical limitations and which Claimant had refused. Apart from the tailor-made job offered by Employer, Employer chose to produce no evidence of available jobs within Claimant's physical limitations. The referee found that Claimant continued to be disabled from performing his pre-injury job as an auto mechanic. However, the referee also found that, despite Claimant's refusal to accept the job specially created for him by Employer, Claimant had become partially disabled on the basis of Employer's offer of the specially-created job within Claimant's physical limitations.

Subsequently, Claimant filed a petition for reinstatement of his total disability benefits on the ground that he had recently applied for the tailor-made job earlier offered by Employer and had been told that the job no longer existed. We are asked to consider on appeal what Claimant's burden of proof for reinstatement of total disability benefits should be under the factual circumstances of this case.

Although this court has stated that an employer is not forever an insurer of a tailor-made job for a partially disabled claimant, this court has also recognized the serious potential for abuse that would arise if an employer could forever satisfy its burden of proving job availability simply by once offering a specially-created job to a claimant. *Smith v. Workmen's Compensation Appeal Board (Futura Industries)*, 80 Pa.Commonwealth Ct. 508, 471 A.2d 1304 (1984). When a finding of partial disability rests exclusively on an employer's offer of a specially-created job, the finding becomes devoid of any evidentiary support upon the employer's withdrawal of the tailor-made job because there remains no other proof in the record of any available jobs within the claimant's physical limitations. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa.Commonwealth Ct. 469, 466 A.2d 278 (1983). Consequently, where an employer chooses to prove the availability of jobs within a claimant's physical limitations by presenting evidence solely of a job specially created by the employer, the employer accepts the risk that

the claimant will again be found totally disabled if the employer withdraws the tailor-made job. *Smith; Busche.*

Therefore, I would hold that a claimant has carried his burden of proving entitlement to a reinstatement of total disability benefits if the claimant has established that the past evidence of available jobs within the claimant's physical limitations was restricted to an employer's offer of a tailor-made job and the employer has since withdrawn the job offer. Concomitantly, I would also hold that a claimant's initial refusal of a tailor-made job should not constitute a permanent bar to the reinstatement of the claimant's total disability benefits when the claimant later becomes willing to accept the tailor-made job but the employer indicates that the tailor-made job is no longer available to the claimant. To defeat such a claimant's reinstatement petition, an employer would have to prove the present availability of jobs within the claimant's physical limitations. *See Busche.*

Because Employer has not produced any evidence of presently available jobs within Claimant's physical limitations, I would reverse the Board's order and reinstate the referee's order which granted Claimant's petition for reinstatement.