630 A.2d 961

**Richard D. REED, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (McCLURE COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1993.

Decided Aug. 18, 1993.

As Amended Sept. 22, 1993.

Margaret M. Yenkowski, for petitioner.

R. Michael Kaar, for respondent.

Before GARDNER COLINS and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Richard D. Reed (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order dismissing Claimant's petition for reinstatement of compensation benefits.

On August 16, 1985, Claimant suffered a work related injury while employed by McClure Company (Employer) wherein he fractured both the radius and the ulna of his left arm. He received total disability benefits pursuant to a notice of compensation payable dated September 9, 1985. On March 31, 1988, Employer offered Claimant a job performing light duty work; however, Claimant refused the offered position. Thereafter, on April 8, 1988, Employer filed a petition to suspend

Claimant's benefits alleging Claimant was capable of performing the offered light duty work position. Employer also filed a supersedeas which was granted by the referee on July 18, 1988.

On July 24, 1989, the referee filed her decision and order granting Employer's suspension petition as of the date of the supersedeas, July 18, 1988. The referee found that "Employer has met its burden of proving that the Claimant's disability status has lessened to the extent that the Claimant can perform the job duties of Material Takeoff/Warehouse Officer job. (R.R. 286a). Thereafter, Claimant received partial disability payments. Claimant filed an appeal from the referee's July 24, 1989 decision and order; however, on December 8, 1989, Claimant withdrew the appeal. Claimant never returned to work for employer.

On January 18, 1990, Claimant commenced this proceeding when he filed a petition for reinstatement of his compensation benefits. Claimant alleged in his petition that as of November 3, 1989, "Claimant's disability status has changed from partial to total disability and claimant has had a reoccurrence (sic) of disability as a result of the original work related injury upon which a Notice of Compensation payable was filed with the bureau." (Claimant's Petition for Reinstatement of Compensation). Employer filed an answer on February 5, 1990, asserting that "Claimant's disability has not changed with respect to his work related injury. Proof is demanded. Claimant is capable of performing light duty work." (Employer's Answer to Petition for Reinstatement of Compensation).

In support of his petition, Claimant presented the medical testimony of Dr. John P. Stratis. Employer presented the medical testimony of Dr. Scott Jaeger. The referee made the following relevant findings regarding these medical experts:

7. John P. Stratis, M.D., a Board Certified General Surgeon, testified on behalf of the claimant and stated that the claimant's median and radial nerve problems prohibited the claimant from driving any distance. The claimant has not followed his doctor's advice of carpal tunnel surgery nor

sought continuing treatment. Dr. Stratis' opinions, except for the driving issue, are substantially the same as those of Dr. Jaeger.

8. The defendant again offered the testimony of Scott Jaeger, M.D., who was of the opinion that the claimant's median and radial nerve conditions had not changed for the worse, but rather the radial nerve problem actually improved. Dr. Jaeger's opinions remain essentially unchanged from his prior testimony and he believes that the claimant can drive from Shamokin to Harrisburg and perform the job of Material Takeoff/Warehouse Office. This Referee accepts the opinions of Dr. Jaeger due to his tests, examinations, unequivocal opinions, qualifications and credibility. (R.R. 294a).

Based upon the forgoing findings regarding the medical testimony, the referee concluded that Claimant failed to establish that his disability recurred. The referee further concluded that Employer met its burden of establishing that Claimant experienced no change, medical or vocational, that diminished the Claimant's earning power. The referee therefore dismissed Claimant's petition for reinstatement of benefits and the Board affirmed.

On appeal,[1] Claimant argues that the referee erred in placing the burden of proof on him to establish a recurrence of his prior injury when benefits were previously suspended. Claimant maintains that he was not required to demonstrate that his disability recurred, but instead, was merely required to show that the reasons for the suspension no longer existed and that, once again, he experienced a loss of earning power. We disagree.

Here, we are not dealing with a situation where a claimant, through no fault of his own, suffers a loss of earning power

---

1. Our scope of review in a workmen's compensation case is limited to determining whether constitutional rights have been violated, errors of law have been committed or whether the necessary findings are supported by substantial evidence. *Ashe v. Workmen's Compensation Appeal Board (American Steel & Aluminum Corp.),* 140 Pa.Commonwealth Ct. 615, 594 A.2d 824 (1991).

and must merely establish that his disability continues in order to have benefits reinstated following a suspension [2]; to the contrary, Claimant's loss of earning was due to his continued refusal to present himself for available work.[3]  Here, Claimant seeks to modify his benefits from partial disability to total disability.  Therefore, it was Claimant's burden to establish that his physical condition had changed such that reinstatement of total disability was warranted.  *See Hartner v. Workmen's Compensation Appeal Board (Phillips Mine & Mill Inc.)* 146 Pa.Commonwealth Ct. 167, 604 A.2d 1204, *appeal denied*, 531 Pa. 662, 613 A.2d 1210 (1992).  *Airco-Speer Electronics v. Workmen's Compensation Appeal Board*, 17 Pa.Commonwealth Ct. 539, 333 A.2d 508 (1975).  *See also Spinabelli v. Workmen's Compensation Appeal Board (Massey Buick)*, 149 Pa.Commonwealth Ct. 362, 614 A.2d 779 (1992).[4]  Additionally, here, Claimant was required to demonstrate, through substantial competent evidence, that such a change in his physical condition occurred.  *J & L Steel Corporation v. Workmen's Compensation Appeal Board (Shutak)*, 145 Pa.Commonwealth Ct. 99, 602 A.2d 467, *appeal denied*, 530 Pa. 657, 530 Pa. 662, 608 A.2d 32, 609 A.2d 169 (1992).

▆▆▆▆  The referee specifically found Dr. Jaeger to be credible when he testified that Claimant's condition had not changed for the worse, but rather that the radial nerve problem actually improved and that Claimant continued to be capable of performing the light duty job made available by Employer.  The law is clear that the referee, as the ultimate

**2.** *See Pieper v. Ametek–Thermox Instruments*, 526 Pa. 25, 584 A.2d 301 (1990).

**3.** The question of whether Claimant is capable of performing the light duty position for Employer was litigated in the referee's July 24, 1989 decision.  As previously noted, Claimant did not appeal this determination.

**4.** In *Spinabelli* we held that a claimant, whose total disability benefits had been modified to partial disability benefits because of his refusal to perform work within his physical limitations, failed to satisfy his burden of proof on a petition to reinstate by showing that a previously available, specially created, light duty job was no longer available; Claimant was required to prove a change in his physical condition such that he could no longer perform the jobs previously offered to him.

factfinder, may accept or reject the testimony of any witness in whole or in part, including medical witnesses. *Mrs. Smith's Frozen Foods Company v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988). Further, credibility and the weight of the evidence are within the referee's province to determine. *Colt Industries v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 296, 415 A.2d 972 (1980). Although the referee concluded, based upon Dr. Jaeger's testimony, that Claimant failed to meet his burden of proving a *recurrence*, we hold that said finding also supports the conclusion that Claimant failed to establish a change in his physical condition authorizing reinstatement of total disability benefits.[5] Accordingly, we will affirm the decision of the Board.

## ORDER

AND NOW, this 18th day of August, 1993, the order of the Workmen's Compensation Appeal Board dated January 12, 1993 is affirmed.

---

**5.** We note that we may affirm the referee's order if the order is correct for any reason so long as there is a basis in the record. *See Department of Public Welfare v. Dauphin County, Etc.,* 90 Pa.Commonwealth Ct. 295, 495 A.2d 214 (1985).