631 A.2d 786

**Paul YOUNKIN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(BETHLEHEM MINES CORPORATION),
Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided Sept. 1, 1993.

No appearance for petitioner.

James C. Munro, II, for respondent.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

This is an appeal by Paul Younkin (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision denying Claimant's modification petition.

Claimant sustained an injury to his knee on August 6, 1984 in the course of employment, and began receiving compensation in November of 1984 pursuant to The Pennsylvania Workmen's Compensation Act (Act).[1] On August 12, 1986, Bethlehem Mines Corp. (Bethlehem) filed a Petition for Modification on the grounds that Claimant had not applied for an available job within his physical limitations, so that his compensation should be modified to the status of a partial disability and reduced accordingly. The referee granted Bethlehem's Petition, and the Board affirmed on appeal. No further appeal was taken.

■ Claimant's pre-injury wages were so high, however, that even though the status of Claimant's benefits was modified to partial compensation following the granting of the employer's Modification Petition, the actual amount of compensation he received for a partial disability did not change from what he had been receiving for total disability. Of course, the compensation for partial disability ceases after five-hundred (500) weeks. *See* Section 306(b) of the Act, 77 P.S. § 512.

■ On July 12, 1990, Claimant filed a Petition for Modification, alleging that no job presently existed within his physical limitations. Claimant argued that the position for which he had previously failed to apply (a) never existed (fraud was committed in the previous case) or (b) no longer existed, justifying an "increase" in his compensation for the total

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

disability benefits Claimant had received prior to the employer's modification to partial disability (which were the same in amount). As we view it, what Claimant is basically seeking is a *reinstatement* of total disability benefits (a lifting of a suspension) on the grounds that the loss in his earning power due to his disability has reoccurred or alternatively that the reason for his suspension no longer exists. If his benefits for total disability were reinstated, however, Claimant would not receive more in compensation, but his compensation would not be cut off after five hundred (500) weeks as it would be for partial disability benefits.

Bethlehem argues that the Petition should be denied because Claimant failed to demonstrate a change in his disability and because Claimant is attempting to relitigate an issue already decided.

The referee denied the Petition after finding that Claimant failed to sustain his burden of proof establishing a change in his disability by failing to offer medical testimony on that issue. The referee also found that the previous job opening no longer existed. On direct examination Claimant testified:

Q. Now, you never applied for that job; did you?

A. No.

(N.T. 6).

Later he detailed his failure to apply for the job:

Q. How did you come in contact with him [the owner of the business to whom Claimant was directed to apply]?.

A. I had got a letter. I think it was the letter that ——. This lady [a job counselor] come to visit me and she said she was trying to find me a job. And she went down there and she said there was a job down there and that I was supposed to go down and see the fellow. And I never went down right away. But then later on I did and I talked to the fellow myself. . . .

(N.T. 7).

The owner of the business where the job in question supposedly existed testified in a contradictory manner as to the

existence of the past job opening (which occurred in 1986) and unequivocally as to the present lack of a job opening:

Q. Sir, can you tell us whether or not a job was open in May of '86?

A. I can't definitely tell you there was a job open. I know she contacted me, some lady [the job counselor], and the gentlemen, Paul something or other [the Claimant], called me at least five or six times, and he might even have come to see me. I'm not sure about that.

(Deposition of Jim Letcher, taken April 19, 1990, p. 5)

The owner testified further:

Q. You never gave her [the job counselor] any dates that the job would be first available?

A. No. Again, I probably told her I hope to hire in May or June, whatever, when she said, but let's put it this way, that I couldn't guarantee. I know I told her I hoped to hire, but my business didn't progress the way I thought it was going to and I just didn't have no opening.

Q. Sir, is there an opening now at your business?

A. No. My son is laid off.

(Deposition at p. 7)

Q. Can you tell us whether or not there was a job offered to Mr. Younkin.

A. I offered no job to nobody.

(Deposition at p. 8).

Of course, the decision of the referee and Board in 1988 which adjudicated Bethlehem's modification petition regarding the 1986 job offer was, and is, final and controlling in those issues presented.

By order of March 19, 1992 the Board denied Claimant's appeal and affirmed the decision of the referee. The Board found that Claimant failed to sustain his burden of proof in establishing a change in his disability and was attempting to relitigate an issue decided in the previous petition. Claimant has appealed from the Board's decision to this Court.

When, as here, the burdened party is the only one to present evidence and he does not prevail before the fact finder, the court's review is limited to a determination of whether an error of law has been committed or whether the referee capriciously disregarded competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

The sole issue presented for review is whether the employer, in opposing a petition for modification or reinstatement of suspended benefits has the burden of showing job availability after the claimant has demonstrated that the job upon which the prior modification was based, no longer exists.

We first note that this case differs from a case where a claimant is offered a job of *limited* duration. A claimant seeking to modify a compensation agreement has the burden of proving a change or deterioration in the status of the disability upon which the previous agreement was based.[2] *Airco–Speer Electronics v. Workmen's Compensation Appeal Board*, 17 Pa.Commonwealth Ct. 539, 333 A.2d 508 (1975). Claimant offered no expert medical evidence of a change in his disability although he did offer his own lay testimony that "[his] knee is getting worse all the time...." (Hearing of Sept. 6, 1990, before Referee Getty, N.T. 17). Furthermore, despite Claimant's unsubstantiated testimony that he was in great pain, he admitted that he does not use the cane, braces, or crutches with which he had been provided. *Id.* at 17–18.

2.  The Act provides in pertinent part:
    "A referee designated by the department, may at any time, *modify,* reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has *increased,* decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased...." Section 413 of the Act, 77 P.S. § 772 (emphasis added).

Thus, Claimant's evidence is legally insufficient to sustain a finding of a change in his physical disability.

█ Claimant, further argues, nonetheless, that despite his refusal to apply for the previous job that a referee found to be suitable, an employer must demonstrate continuing job availability whenever a claimant is able to prove that the job upon which the prior modification was based no longer exists. We considered this exact issue in *Spinabelli v. Workmen's Compensation Appeal Board (Massey Buick, Inc.)*, 149 Pa.Commonwealth Ct. 362, 614 A.2d 779 (1992), when we wrote:

> Claimant argues that because the referee found that the jobs originally offered to claimant were specially created for claimant, and that no one had filled these jobs since they were created, the employer should continue to bear the burden of showing that these jobs are available. Claimant relies on *Smith v. Workmen's Compensation Appeal Board (Futura Industries)*, 80 Pa.Commonwealth Ct. 508, 471 A.2d 1304 (1984), where a claimant employed at a modified job following her injury at work filed a petition to reinstate total disability benefits after she was laid off from her modified position by her employer. In that case we upheld the reinstatement because of our concern that employers could avoid their responsibility to prove job availability by offering a claimant a modified job and then laying off the claimant after a short period of time.
>
> *Smith* is clearly distinguishable from the present case. In the present case, we have a finding from the referee's first decision that claimant acted in bad faith in failing to pursue available jobs. A claimant is required to make a good faith effort to obtain an available job in order to avoid modification of benefits under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Because the referee made a finding that the jobs offered by employer were specifically created for claimant and that the positions had not been filled, claimant attempts to analogize this case to a case such as *Smith* where the employer creates a position which claimant accepts and which employer then eliminates. In that case

employer would have the burden of proving that additional work was available.

Where we have a finding that a claimant has failed to pursue jobs in good faith, we do not believe the employer has the responsibility of keeping a job open indefinitely, waiting for the claimant to decide when he wants to work. As the board states in its decision, claimant's loss of earning power is not due to his disability, but due to his lack of good faith in pursuing work made available to him which was within his physical limitations. In order to receive a reinstatement of total disability benefits, claimant must prove a change in his condition such that he could no longer perform the jobs previously offered to him.

*Id.* 149 Pa.Cmwlth. at 364–65, 614 A.2d at 780.

Based on our holding in *Spinabelli*, the decision of the Board is affirmed.

## ORDER

NOW, September 1, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.