**Roland STEVENS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BRAUN BAKING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 30, 1994.

Decided April 5, 1995.

Charles H. Saul, for petitioner.

Anthony J. Plastino, II, for respondent.

Before COLINS, President Judge, McGINLEY, J., and RODGERS, Senior Judge.

COLINS, President Judge.

Roland Stevens (claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to deny his petition for reinstatement of compensation benefits. We affirm.

This case originally involved both the claimant's reinstatement petition and a termination petition filed by Braun Baking Company (employer). However, because the issues relating to the termination petition are not on appeal before us, we will limit our recitation of the facts to those relevant to the reinstatement petition. Additionally, we note that this Court previously upheld (1) a dismissal of a termination petition filed by the employer and (2) a granting of the employer's suspension petition. *Braun Baking Company v. Workmen's Compensation Appeal Board (Stevens)*, 136 Pa.Commonwealth Ct. 499, 583 A.2d 860 (1990).

The relevant facts are that the claimant sustained a work-related back injury in 1982. The employer offered four suitable positions in 1986, but the claimant did not pursue any of those possibilities. The referee granted a suspension petition filed by the employer effective as of June 27, 1986. On May 13, 1989, the employer discontinued baking operations where the four jobs had been available. The claimant then filed a reinstatement petition on September 20, 1989 alleging entitlement to benefits because the employer eliminated the four positions.

By letter dated February 19, 1990, the employer advised the claimant of the availability of a clerical job in the shipping department. However, the same letter stated that the employer could not offer the clerical job to the claimant because psychiatrist Dr. Irving Golding determined that the claimant's nonwork-related mental condition prevented the claimant from performing that job. In August or September of 1990, the claimant indicated to the employer that he was available for work.

For the claimant, Dr. Harry Palkovitz, a board certified neurologist, testified that the claimant had a superimposed lumbar strain from which he never recovered. Dr. Palkovitz stated that the claimant could only perform light work. Psychiatrist Dr. John Thomas testified that he found no psychiatric contraindications to the claimant resuming full-time employment in the clerical position. (Finding of Fact No. 16.)

For the employer, Dr. Golding testified that the claimant suffers from chronic schizophrenia and that the claimant's attention and concentration were so poor that the claimant would have difficulty with the clerk job. Dr. Roy Temeles, a board certified orthopedic surgeon, testified that the claimant is physically capable of functioning as a shipping clerk because the claimant's current ailments do not relate to his 1982 work injury.

The referee found as credible the testimony of Drs. Palkovitz and Thomas, and he specifically rejected the testimony of Drs. Golding and Temeles. Accordingly, the referee found that the claimant remains capable of performing light duty jobs. However, the referee also found that the claimant did not attempt to return to work at the light duty jobs previously offered in 1986 and that the claimant preferred to take severance pay if entitled or to retire in 1989. The referee also found that the employer never specifically offered the claimant the clerical job in 1990.

The referee, citing *Spinabelli v. Workmen's Compensation Appeal Board (Massey Buick, Inc.)*, 149 Pa.Commonwealth Ct. 362, 614 A.2d 779 (1992), *petition for allowance of appeal denied*, 533 Pa. 654, 624 A.2d 112 (1993), concluded that an employer does not have the responsibility of keeping a job open indefinitely where a claimant acts in bad faith in failing to pursue available jobs; a claimant lacking good faith in pursuing available work must then prove a change in his condition such that he could no longer perform the jobs previously offered. In the present case, the referee found that the credible testimony of Dr. Palkovitz indicates that the claimant's condition has not worsened and that the claimant remains able to perform light duty work. (Finding of Fact No. 24.)

Thus, based upon *Spinabelli*, the referee denied the claimant's reinstatement petition because his loss of earning power is not a result of his disability but rather a result of his lack of good faith in pursuing work made available which was within his physical limitations. On further appeal, the Board affirmed the referee's decision.

▮ The claimant now contends that he is entitled to a reinstatement of benefits because he attempted to return to available work in 1990, but that the employer reneged on that offer. Alternatively, the claimant contends that he is entitled to a reinstatement because the employer's 1989 plant closing eliminated the previously offered jobs.[1]

---

1. Our scope of review is limited to whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial, competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), *appeal after remand on other grounds*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991).

Initially, this Court sitting en banc has specifically rejected the argument that a claimant exhibiting bad faith in pursuing available employment can receive compensation if the employer later eliminates the offered position. *Bennett v. Workmen's Compensation Appeal Board (Hartz Mountain Corporation)*, 158 Pa.Commonwealth Ct. 547, 632 A.2d 596 (1993), *case remanded on other grounds*, 537 Pa. 433, 644 A.2d 729 (1994).[2] "[T]he proper focus is on Claimant's admitted bad faith; the fact that his earnings would later be nonexistent is irrelevant." *Id.* at 552, 632 A.2d at 598.

The claimant argues primarily that this is not a case involving a bad faith effort to pursue available work before 1989; this case involves an employer's bad faith in withdrawing a job offer based upon psychiatric testimony found not to be credible. Essentially, the claimant is asserting that his intention of pursuing suitable employment in 1990 negates his bad faith refusal to pursue suitable, available employment in 1986. However, the claimant's conduct between 1986 and 1990 cannot be ignored.

In *Bennett*, this Court addressed a claimant's bad faith refusal of suitable and available work which was permanent when offered. The case involved an employer's modification petition to reduce benefits to a claimant who failed to pursue a permanent full-time job that was available in 1988 but was eliminated in 1989.

The Court, reiterating its *Spinabelli* decision, stated

> [w]here we have a finding that a claimant has failed to pursue jobs in good faith, we do not believe the employer has the responsibility of keeping a job open indefinitely, waiting for the claimant to decide when he wants to work. [Here] claimant's loss of earning power is not due to his disability, but due to his lack of good faith in pursuing work made available to him

which was within his physical limitations. In order to receive a reinstatement of total disability benefits, claimant must prove a change in his condition such that he could no longer perform the jobs previously offered to him.

*Bennett*, 158 Pa.Commonwealth Ct. at 552–53, 632 A.2d at 599 (quoting *Spinabelli*, 149 Pa.Commonwealth Ct. at 365, 614 A.2d at 780).

The Court in *Bennett* then held that a claimant's bad faith refusal of an offer of suitable and available work, which is permanent when offered, relieves the employer of any burden to show continuing job availability. "It is eminently fair to require claimants who act in bad faith to live with the foreseeable consequences of their actions and a rule which would discourage bad faith on the part of claimants would further ensure the cooperation of efforts necessary to maintain the [workers' compensation] system." *Id.* at 555–56, 632 A.2d at 600.

■ Because the claimant acted in bad faith from 1986 to 1990, the employer was no longer responsible for continuing its efforts to offer the claimant a suitable job. Therefore, there is no issue of whether the employer reneged on a later job offer (which the referee found was never actually offered).

■ Accordingly, although the Supreme Court has since held that a claimant need not prove a change in condition to qualify for a reinstatement of benefits, we affirm the decision of the Board on the basis of the claimant's bad faith conduct.

### ORDER

AND NOW, this 5th day of April, 1995, the order of the Workmen's Compensation Appeal Board, in the above-captioned matter, is affirmed.

2. The Supreme Court remanded *Bennett* based upon its decision in *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994). In *Dillon*, a claimant receiving partial disability benefits while performing light work petitioned for total disability benefits because, although his condition had not changed, he could not perform the light job. The Supreme Court held that a claimant petitioning to modify his benefits does not have to prove a change in condition; he only has to prove that, through no fault of his own, his earning power is once again adversely affected by the injury which gave rise to the original claim.

McGINLEY, Judge, dissenting.

I respectfully dissent for the reasons set forth in my separate opinion in *Bennett v. Workmen's Compensation Appeal Board (Hartz Mountain Corporation)*, 158 Pa.Commonwealth Ct. 547, 632 A.2d 596 (1993), *remanded*, 537 Pa. 433, 644 A.2d 729 (1994). Further, I believe that where a claimant has declined a job, and that job becomes unavailable due to plant closings, the claimant is not foreclosed from pursuing a modification and receiving total disability benefits. Where a claimant proves that employment is no longer procurable, I see no reason to *require* that his reinstatement petition be denied. To qualify for a reinstatement of benefits, a claimant need only prove that, through no fault of his own, his earning power is once again adversely affected by the injury which gave rise to his original claim. Our Supreme Court remanded *Bennett* to be decided in accordance with *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994). The Court in *Dillon* held that a claimant may be entitled to a modification of a referee's decision and to receive total disability benefits, where an award of partial disability had been based upon a stipulation that no jobs were available, by proving the lack of work availability, even though there is no change in claimant's physical status. *Dillon* overrules *Spinabelli v. Workmen's Compensation Appeal Board (Massey Buick, Inc.)*, 149 Pa.Commonwealth Ct. 362, 614 A.2d 779 (1992), *petition for allowance of appeal denied*, 533 Pa. 654, 624 A.2d 112 (1993), and controls here.