J-S31022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY S. BURKE, | : | |
| | : | |
| Appellant | : | No. 1979 EDA 2013 |

Appeal from the PCRA Order Entered June 4, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0325182-1986.

BEFORE:  BOWES, SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 08, 2014**

Appellant, Gregory S. Burke, appeals from the denial of his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

We previously summarized the facts and early procedural history as follows:

> On August 13, 1980, at approximately 7:00 p.m., a gunpoint robbery occurred at a grocery store located in Philadelphia.  The owner of the store was shot and killed.  The homicide went unsolved until late October of 1985, when the police were informed that [A]ppellant, along with Donald and Stanley Watson, were the perpetrators in the incident.
>
> On January 20, 1986, [A]ppellant, during questioning, confessed to the crimes.  At trial he entered a negotiated guilty plea.  The terms of the plea were that [A]ppellant would give truthful testimony in the prosecution against the third conspirator Stanley Watson; the degree of murder would be

graded second degree; the court would impose the mandatory term of life imprisonment for murder; and, the Commonwealth would recommend concurrent terms for the remaining charges. By this agreement, [A]ppellant avoided conviction for murder of the first degree thereby escaping a possible death sentence and consecutive terms on the related offenses. After a complete colloquy, the court accepted the plea.

On February 17, 1987, before imposition of sentence, [Appellant] filed a petition to withdraw his plea alleging that it was involuntary because he suffered mental problems resulting from a head injury. The court denied the petition and imposed the agreed upon sentence of life imprisonment for murder of the second degree, concurrent terms of ten to twenty years for robbery, and two and [one-] half to five years for possessing an instrument of crime. Appellant then appealed to this Court in 1987, but subsequently withdrew that appeal. In July of 1989, appellant filed a [first] *pro se* petition for relief under the Post Conviction Relief Act. Thereafter, a *nunc pro tunc* appeal was granted . . . .

*Commonwealth v. Burke*, 3765 Philadelphia 1991, 619 A.2d 786 (Pa. Super. 1992) (unpublished memorandum at 1–2).

Upon appeal to this Court, we affirmed Appellant's judgment of sentence for second-degree murder and vacated Appellant's sentence for robbery after determining that the robbery conviction merged with Appellant's second-degree murder conviction for sentencing purposes. We also remanded the matter for resentencing on Appellant's criminal conspiracy conviction, noting that a suspended sentence was not sanctioned

under the sentencing scheme.[1]  *Id*. at 11.  Appellant filed a petition for allowance of appeal to our Supreme Court.  On August 3, 1993, the Pennsylvania Supreme Court denied the petition.  ***Commonwealth v. Burke***, 631 A.2d 786 (Pa. 1993).

Appellant filed a second PCRA petition in May 1997.  The PCRA court dismissed the second petition as untimely in October 1997.  Appellant did not file an appeal from that dismissal.

Appellant filed a third PCRA petition on March 27, 2007, which was dismissed on April 17, 2009.  Appellant filed an appeal to this Court on May 4, 2009.  We affirmed the order dismissing the petition on March 10, 2010, holding that we lacked jurisdiction because the third PCRA petition was untimely, and Appellant failed to plead and prove that a statutory exception applied.  ***Commonwealth v. Burke***, 1293 EDA 2009, 996 A.2d 536 (Pa. Super. 2010) (unpublished memorandum).

The instant PCRA petition, Appellant's fourth, was filed on May 10, 2010.  Appellant also filed a petition for writ of *habeas corpus* on July 13, 2010, the allegations of which the PCRA court apparently treated as part of the PCRA petition.  PCRA Court Opinion, 6/4/13, at unnumbered 1 n.1. Upon the PCRA court's December 20, 2010 issuance of notice of its intent to

---

[1]  On January 11, 1994, the common pleas court sentenced Appellant to a concurrent term of five to ten years of imprisonment on the charge of criminal conspiracy.

dismiss the petition, Appellant filed an objection on December 28, 2010, a motion for an evidentiary hearing on March 22, 2011, and an amended PCRA petition on August 22, 2012. The PCRA court dismissed the PCRA petition on June 4, 2013. Appellant filed the instant timely appeal on June 20, 2013. The trial court did not direct Appellant to comply with Pa.R.A.P. 1925.

In his statement of questions involved, Appellant raises the following twenty-eight issues:

> I. Did the trial court misinterpret Pa.R.Crim.P. Rule(s) 320, 321, and 1405(c)(2) thereby denying Appellant procedural due process with regard to filing timely post-verdict/sentence motions and a motion to withdraw the guilty plea nunc pro tunc?
>
> II. Was the guilty plea entered invalid in that its submission was not a vo[lu]ntary, intelligently, knowingly and understandingly entered by [Appellant] in that [Appellant] made no formal or informal request of the trial court to enter said pleading?
>
> III. Did the assistant district attorney, Mr. David DaCosta, Esquire, in administering the guilty plea colloquy to this petitioner on November 7, 1986, fail to include reference to [Appellant's] right against compulsory self-incrimination?
>
> IV. Was the guilty plea colloquy invalidated when the mens rea of third degree murder an underlying felony of murder in general was not provided during the guilty plea colloquy administered by the prosecutor for the Commonwealth?
>
> V. Invalidity of sentencing guidelines - must the sentence imposed in this instant matter be set aside, vacated and or modified, based on the invalidation of the sentencing guidelines in 1987 under the provisions imposed on the state by the ruling administered in Commonwealth v. Sessoms, 532 A.2d 775 (Pa. 1987)?

-4-

VI.    Did the prosecution for the Commonwealth by his suppression of the medical records pertaining to Appellant's arrest for the criminal offense of robbery occurring on October 27, 1981, deprive [Appellant] of exculpatory and or mitigating evidence that could have and would have supported his contentions pertaining to his mental state of diminished capacity?

VII.    Did the assistant district attorney, Mr. DaCosta, in his administering the guilty plea colloquy fail to establish a factual basis for the plea?

VIII.    Did the prosecutor for the Commonwealth commit prosecutorial misconduct when he submitted evidence in his summary to the trial court which he knew was based on perjured statements and testimony?

IX.  Was Appellant denied a "fair and just" proceeding at law?

X.    Did the Commonwealth by and through its agent the prosecuting assistant district attorney deny this petitioner exculpatory evidence of both a forensic pathological nature and that of a ballistic nature prior to trial and during all stages and their proceedings prior to the guilty plea being entered?

XI.    Did the trial court judge err in failing to explore the statement of [Appellant] allegedly provided to police interrogators by virtue of their coercive tactics, the same statement the prosecutor requested the trial court to incorporate into the trial record, the statement which indicated [Appellant] was suggesting a viable defense of self-defense?

XII.  Was [Appellant] inadvertently denied his fundamental right to allocute?

XIII:  Did the trial court abuse its discretion when it participated in the conference held between the prosecutor for the Commonwealth and court appointed defense counsel regarding surrendering [Appellant] to a pleading of guilt to all charges?

IXV. [sic]  Were trial counsel, appellate counsel and PCHA [sic] petition counsel ineffective assistance of counsel during their

tenure as legal representatives of [Appellant] in this instant criminal prosecution for the crimes as charged in the indictment?

XV. Did the assistant district attorney violate and invalidate the: terms and conditions of the guilty plea agreement he established upon entering Appellant into a guilty pleading when he failed to specifically have this Appellant testify against Stanley Watson?

16. Has a manifest injustice or a miscarriage of justice occurred that no civilized society can tolerate that commands the appellate court[']s attention and in the interest of justice requires?

17. The trial court abused its discretions in failing to rule on Appellant[']s pro-se motion for leave to file an amended petition for PCRA collateral relief, which failure to rule constituted de-facto denial of leave to amend.

18. The PCRA court errored in rejecting Appellant[']s claim that newly discovered evidence (arrest and incarcerated record) of the Commonwealth [sic] star witness (James Spencer) requires that the conviction in this case be vacated.

19. Did not the PCRA court err by dismissing Appellant[']s petition as untimely where [Appellant] asserts that the evidence he presented in his PCRA petition constitutes previously undisclosed Brady material and after discovered evidence placing his petition squarely within the timeliness e[x]ception to the one year limitations?

20. Distinguishing mens-rea of proof, making this a murder rather th[a]n some lesser homicide [sic].

21. Constitutional violations as to the stipulation and circumstances surrounding the chain of events in this case during the preliminary hearing held on April 17th 1986 and the suppression hearing held on Nov 3rd 1986. Also sentencing April 20th 1987 [sic].

22. Under Pennsylvania law, neither single judge nor panel of judges may resolve issue of fact raised by claim of self defense in murder prosecution.

23.   Counsel[']s stipulation to testimony of the complaining witness amounted to ineffective assistance of counsel where [Appellant] was giving up the opportunity to cross-examine the complaining witness and attempt to discredit his incriminating testimony, and there was no reasonable basis for the strategy of inaction[.]

24.   Did not the PCRA court err and deny Appellant due process of laws under the state and federal constitutions[?]  And his right to a proper legal evaluation of the reliability and effect of Brady material by dismissing Appellant [sic] petition as untimely?

25.   Was the Appellants [sic] merits of his issues properly passed upon without a full opportunity to present them in his post trial motions[?]

26.   Would the Commonwealth [have] been substantially prejudice[d] if the court were to allow Appellant[']s guilty plea to be withdrawn?

27.   Did not the lower court consider ineffectiveness of counsel is [sic] distinct legal ground for PCRA petition?

28.   Was the Appellant denied his constitutional rights following sentence when the trial court judge failed to explain to the Appellant his right to file post verdict motions?

Appellant's Brief at unnumbered 5-8 (intermittent full capitalization omitted).

Initially, we note that Appellant's brief is not compliant with the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure.  As provided in Pa.R.A.P. 2101, appellate briefs "shall conform in all material respects with the requirements of these rules," and failure to do so may result in the brief being quashed or dismissed.  *Id*.  We recognize that Appellant is acting *pro se*.  While this Court is willing to liberally

construe materials filed by a *pro se* litigant, Appellant is not entitled to any particular advantage because he lacks legal training. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa. Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***Id***. For example,

> The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

In the instant case, the defects in Appellant's brief are substantial. Appellant typed and hand-wrote portions of the brief. The issues in the statement of the questions bear no relation to the sections of the argument or the subheadings within the arguments, with the heading, lettering, and numbering system failing to coincide among the sections. ***See*** Pa.R.A.P. 2116, 2119. The issues are not addressed in the order presented in the statement of questions; indeed, many of the issues are abandoned. Appellant has numbered some pages, failed to number some pages, and has begun to renumber multiple subsequent sections over again from number one. Appellant's 100-page brief is rambling and often inexplicable. ***See*** Pa.R.A.P. 2119. He has inserted copies of letters and copies of pages from the certified record into his purported arguments. Nonetheless, in the

interest of justice, and because we initially must determine whether Appellant's petition comports with the timeliness requirements set forth in 42 Pa.C.S. § 9545(b)(1), we do not quash the appeal due to the brief's failure to conform to the appellate rules.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Carr*, 768 A.2d at 1167.

As noted previously, we affirmed Appellant's judgment of sentence on his second-degree murder conviction on September 3, 1992.  On August 3, 1993, the Pennsylvania Supreme Court denied Appellant's petition for

---

[2] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

review. The record does not reflect that Appellant sought review in the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on November 1, 1993, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition is patently untimely.

Our review of the record and Appellant's brief reflects that he attempts to raise the timeliness exception by alleging that the facts upon which two of his claims were predicated were previously unknown to him. 42 Pa.C.S. § 9545(b)(1)(ii). Appellant contends in issue 18 that the PCRA court erred in rejecting his claim "that newly discovered evidence (arrest and incarcerated record)" of the Commonwealth's star witness, James Spencer, requires "that the conviction in this case be vacated." Appellant's Brief at unnumbered 18 (renumbered page 4). Relatedly, Appellant also suggests in issue 19 that "the evidence he presented in his PCRA petition constitutes previously undisclosed Brady material and after discovered evidence placing his petition squarely within the timeliness e[x]ception to the one year limitations." Appellant's Brief at unnumbered 6.

The "after-discovered facts" exception, 42 Pa.C.S. § 9545(b)(1)(ii), requires that a petitioner "allege and prove that there were 'facts' that were

'unknown' to him and that he could not have ascertained those *facts* by the exercise of 'due diligence.'" ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original) (citing ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007)).

As to both claims, Appellant completely fails to allege what facts were unknown to him, and he does not explain why the exercise of due diligence could not have revealed them. He does assert that James Spencer was incarcerated at the time the instant crime occurred, but that is the extent of his claim. Appellant's Brief at unnumbered 19, renumbered 5. Appellant suggests that "Spencer's statement to police further detailed conversations with Appellant wherein Appellant allegedly admitted to participating in the robbery and murder" of the victim, ***id.***, but he does not explain the significance of the statement. Regarding his allegation that the Commonwealth withheld ***Brady*** material, thereby constituting the after-discovered facts exception, we are unable to discern any pertinent discussion or analysis of this claim in his brief. He does not explain what exculpatory evidence was withheld, nor does he elaborate upon the timing of his discovery of the allegedly unidentified exculpatory evidence.

We conclude that Appellant has not established the applicability of any of the exceptions to the PCRA timeliness requirements and, thus, the PCRA court properly dismissed Appellant's petition as untimely. Therefore, we lack

jurisdiction to reach the merits of the appeal. *See Commonwealth v. Taylor*, 67 A.3d 1245, 1249 (Pa. 2013) ("PCRA time requirement mandatory and jurisdictional in nature; court cannot ignore it and reach merits of petition."); *Commonwealth v. Hernandez*, 79 A.3d 649, 655 (Pa. Super. 2013) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition). Because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented. Likewise, we lack jurisdiction to reach the merits of the appeal. *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2014