**J.A. JONES CONSTRUCTION COMPANY and Aetna Life & Casualty, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NELSON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 20, 2000.

Decided Oct. 2, 2001.

Edward K. Dixon and Anthony C. Carone, Pittsburgh, for petitioners.

David C. Hook, Waynesburg, for respondent.

Before DOYLE, President Judge, FRIEDMAN, Judge, and MIRARCHI, Jr., Senior Judge.

DOYLE, President Judge.

J.A. Jones Construction Company and its insurance carrier, Aetna Life & Casualty (collectively, "Employer"), petition this Court for review of a decision of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) granting the reinstatement petition of Jerry Nelson (Claimant), but reversing the WCJ's decision to the extent that total disability benefits were only awarded for a closed period of time. In effect, the Board granted Claimant's reinstatement petition in full.

On July 16, 1992, Claimant was injured during the course of his employment, and a Notice of Compensation Payable (NCP) was issued on August 27, 1992, listing Claimant's injuries as trunk and back contusions. The NCP provided a weekly benefit rate of $437.35 based upon an average weekly wage of $656.02.

On July 16, 1994, Employer filed a petition to modify compensation benefits, alleging that Claimant acted in bad faith by failing to pursue an employment opportunity made available to him by Employer,

at a Hardees fast food restaurant.[1] On September 20, 1995, the WCJ granted Employer's modification petition, and Claimant's benefits were modified to the partial disability rate of $380.68 as of September 30, 1993. This decision was not appealed.

On November 2, 1995, Claimant filed a reinstatement petition, alleging that his condition had worsened as of June 29, 1994, causing him to become totally disabled. Claimant alleged that back surgery performed on June 29, 1994 caused his condition to worsen, and that this worsening was directly related to his work injury of July 16, 1992. Employer denied all material allegations.

At a hearing conducted in 1996, Claimant presented the deposition testimony of James D. Kang, M.D., a board-certified orthopedic surgeon, and John Keun Sang Lee, M.D., board-certified in physical medicine and rehabilitation. Dr. Kang performed Claimant's back surgery and opined that the cause of the herniated disc condition was his work-related back injury of July 1992. After the surgery, Dr. Kang indicated that Claimant had a small area of tendonitis in the rotator cuff of his shoulder. Dr. Lee opined that Claimant could not have performed the position at Hardees any time after June 29, 1994.

In opposition to Claimant's reinstatement petition, Employer presented the deposition testimony of John B. Talbott, M.D., a board-certified neurologist. Dr. Talbott examined Claimant on February 19, 1996 and concluded that Claimant's examination was basically normal with the exception of some minor limitations of lumbar motion. Dr. Talbott opined that Claimant could perform gainful employment, including the Hardees position that was previously offered.

The WCJ found the testimony of Dr. Kang and Dr. Lee credible as it related to Claimant's back surgery. The WCJ, however, found Dr. Talbott's testimony credible regarding Claimant's condition as of February 19, 1996. The WCJ concluded that Claimant met the burden necessary to grant the reinstatement petition, holding that Claimant established, as of June 29, 1994, that his work-related condition had worsened to the extent that he could no longer perform a position previously made available to him by Employer. The WCJ further ruled, however, that Claimant's total disability ended as of February 19, 1996, because his condition, as of that date, was such that he could return to the previously available position at Hardees. As a result, Claimant was granted total disability benefits from June 29, 1994 to February 19, 1996, and partial disability benefits thereafter. Claimant appealed this decision to the Board.

The Board reversed and reinstated Claimant's total disability benefits, holding that the WCJ's Conclusion of Law No. 2 was an error of law. Conclusion of Law No. 2 stated, in pertinent part:

> Once it has been established that work was available to the claimant and the claimant refused such work in bad faith, the fact of job availability does not have to be reestablished after any intervening period of temporary total disability.

(WCJ's decision circulated April 21, 1997, p. 8). Relying on this Court's decision in *Nabisco Brands, Inc. v. Workers' Compensation Appeal Board (Almara)*, 706 A.2d 877 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 558 Pa. 613, 736 A.2d 606 (1999), the Board first ruled that Claimant met his burden to establish a further disability that precluded him from the performance of the Hardees job previ-

---

1. The record does not contain evidence of     when this referral was made to Claimant.

ously offered and rejected. The Board then held that Claimant was entitled to receive total disability benefits unless Employer could *again* demonstrate that a job is available within Claimant's new medical restrictions. The Board reinstated full, continuing, total disability benefits because no employment had *again* been offered to Claimant. (Board's decision dated November 8, 1999, pp. 7–8). This appeal by Employer followed.[2]

The narrow issue before this Court is one of first impression, and the underlying factual scenario is as follows. A claimant's total disability benefits had previously been modified to partial disability benefits because of the claimant's bad faith refusal of a job offer; he then subsequently established a change in his condition such that he could no longer perform the light-duty job that had been previously available to him, but that change in condition lasted only for a closed period of time after which medical evidence established that the claimant then returned to baseline and could once again perform the light-duty job. The issue presented: where a claimant successfully petitions for a modification of benefits from partial to total disability because of a worsening of his condition, does the claimant receive total disability benefits for a closed period of time only and return to partial disability because he has returned to baseline, or does the employer have to again establish job availability in order for the claimant's benefits to be modified from total to partial disability.

Employer argues that it is not required to re-prove job availability because Claimant's total disability resulting from his back surgery was not permanent, and he

returned to baseline such that he can now perform the job previously offered. Claimant argues, on the other hand, that, once he proved a worsening of his condition such that he could no longer perform the Hardees job, regardless of whether his worsening of condition only lasted for a short period of time, it becomes Employer's burden to again justify a downward modification by establishing available work within Claimant's new medical restrictions.

We resolve this issue by holding that Employer is not obligated to again establish job availability in order for Claimant's benefits to be modified from total to partial disability. The Board, in its opinion awarding Claimant full, continuing, total disability benefits because no employment had been offered to Claimant, concluded that *Nabisco* controls because of its factual similarity to the present case. The claimant in *Nabisco* suffered a work-related injury and received total disability benefits. Thereafter, the claimant's employer offered him a position within his medical restrictions and the claimant refused the job offer. Subsequently, the employer was successful in modifying the claimant's benefits from total to partial disability because of his bad faith in pursuing an available job opportunity. The claimant then underwent an operation and was successful in having his benefits reinstated to total disability. We believe, however, that *Nabisco* contains an important distinction that renders that case inapposite. The major distinction is that, in *Nabisco*, the WCJ found credible the testimony of the *claimant's expert* that the claimant, after his operation, was permanently, physically disabled and could not perform the job duties that he had previously refused to undertake in

**2.** Our standard of review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed.

*Joyce v. Workmen's Compensation Appeal Board (Ogden/Allied Maintenance and Travelers Insurance Company)*, 545 Pa. 135, 680 A.2d 855 (1996).

bad faith. In the present case, the WCJ found credible *Employer's expert*, who testified that, as of February 19, 1996, he *could once again perform* the light-duty job previously made available to him.

It is clear that, once a claimant's total disability rate has been reduced to partial disability because of a claimant's bad faith in rejecting an employment opportunity, in a subsequent reinstatement petition, we have required the claimant to establish that he or she could no longer perform the light-duty job offered and rejected in order to obtain modification from partial to total disability. *Spinabelli v. Workmen's Compensation Appeal Board (Massey Buick, Inc.)*, 149 Pa.Cmwlth.362, 614 A.2d 779 (1992), *petition for allowance of appeal denied*, 533 Pa. 654, 624 A.2d 112 (1993). We have also held that, once a claimant has established a *continuing* total disability, a claimant is entitled to total disability benefits unless an employer refers him or her to a suitable, available job. *Nabisco*, 706 A.2d at 881.

In the present case, as previously explained, Employer's expert credibly testified that Claimant did not have a continuing, total disability, and that his total disability only lasted for a closed period of time. Therefore, unlike *Nabisco*, where the employer was required to again establish job availability because the claimant had a *continuing*, total disability, here, Claimant's total disability was not continuing, and, in fact, he is able to perform the job previously offered and rejected. Therefore, based on the above analysis, Employer is not required to again establish that a new job is available.

Accordingly, the order of the Board is reversed insofar as it reversed the WCJ's decision granting total disability benefits to Claimant for a closed period of time only. The Board's order is affirmed in all other respects.

## ORDER

**NOW,** October 2, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed insofar as it reversed the WCJ's decision granting total disability benefits to Claimant for a closed period of time only. The Board's order is affirmed in all other respects.

FRIEDMAN, Judge, concurring.

I concur in the result reached by the majority here; however, because the issue presented in this case is one of first impression, I believe that we must be particularly careful in our handling of the matter. In this regard, I am concerned that, as written, the case may be misinterpreted and misapplied in the future. Specifically, I am troubled by the way that the majority expresses both the issue before this court and its resolution. Here, the majority states:

> The issue presented: where a claimant successfully petitions for a modification of benefits from partial to total disability because of a worsening of his condition, does the claimant receive total disability benefits for a closed period of time only and return to partial disability because he has returned to baseline, or does the employer have to again establish job availability in order for the claimant's benefits to be modified from total to partial disability.
>
> \* \* \*
>
> We resolve this issue by holding that [the e]mployer is not obligated to again establish job availability in order for [the c]laimant's benefits to be modified from total to partial disability.

(Majority op. at 282.)

Although, in setting forth the underlying factual scenario, the majority explains that

Jerry Nelson's (Claimant) total disability previously was modified to partial disability benefits *because of Claimant's bad faith refusal* of J.A. Jones Construction Company's (Employer) offer of available light-duty work, (*see* majority op. at 281–282), the majority omits this crucial element of bad faith in its subsequent phrasing of the issue. As a result, I believe that the holding here may be, and I fear will be, applied to factual situations not intended to be encompassed within that holding. I, therefore, suggest that the bar would have been better served if we had adopted the WCJ's Conclusion of Law, No. 2 as a clear and concise expression of the holding in this case. As quoted in the majority opinion, that Conclusion provides in pertinent part:

Once it has been established that work was available to the claimant **and the claimant refused such work in bad faith,** the fact of job availability does not have to be reestablished after an intervening period of temporary total disability.

(WCJ's decision of April 21, 1997 at 8) (emphasis added).