IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Hutchinson,                        :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 314 C.D. 2022
                                        : Submitted: July 14, 2023
Annville Township (Workers'             :
Compensation Appeal Board),             :
                                        :
                    Respondent          :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 15, 2023


          John Hutchinson (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a workers'
compensation judge (WCJ) that dismissed his Petition to Reinstate Compensation
Benefits (Reinstatement Petition).   Claimant challenges as unconstitutional the
retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3)
of the Workers' Compensation Act (Act),[1] altering the criteria for determining a
claimant's disability status and providing that an impairment rating of less than 35%
constitutes a partial disability, and providing a credit for partial disability benefits
already paid.  Claimant maintains that Act 111 cannot be constitutionally applied to

<hr>

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

workers whose injuries occurred before October 24, 2018, the effective date of Act 111. Upon review, we affirm.

The facts of this case are not in dispute. On June 29, 2006, Claimant suffered a work-related fracture of his left leg while working for Annville Township (Employer). Claimant received temporary total disability payments (TTD) pursuant to a Notice of Compensation Payable (NCP). In 2009, Employer had Claimant undergo an Impairment Rating Evaluation (IRE) under former Section 306(a.2) of the Act,[2] which resulted in a WCJ decision granting a modification of Claimant's benefits to partial disability as of February 23, 2010. *See* Reproduced Record (RR) at 41a. Claimant did not appeal the WCJ's decision. *Id.*

On March 6, 2017, Claimant filed a Reinstatement Petition seeking a change in his disability status from partial to total disability based on the Pennsylvania Supreme Court's opinion in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*).[3] Initially,

---

[2] Added by the Act of June 24, 1996, P.L. 350, *formerly*, 77 P.S. §511.2, repealed by Act 111.

[3] As this Court has recently explained:

> On September 18, 2015, our Court issued a decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015), *aff'd in part, rev'd in part*, 161 A.3d 827 (Pa. 2017) (*Protz I*). In *Protz I*, we held that former Section 306(a.2) of the Act, which permitted IREs to be conducted based on "the most recent edition" of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), was an impermissible delegation of legislative authority in violation of the non-delegation doctrine in [article II, section 1 of] the Pennsylvania Constitution[, Pa. Const. art.II, §1]. In *Protz I*, we remanded to the Board to apply the Fourth Edition of the AMA Guides, which was the version of the AMA

**(Footnote continued on next page…)**

2

TTD benefits were reinstated effective June 17, 2009, by a WCJ decision dated November 27, 2017. *See* RR at 9a. However, Employer appealed and the matter was remanded to the WCJ by the Board by opinion and order mailed February 27, 2019. *See id.* On February 12, 2020, the WCJ issued another decision granting Claimant's Reinstatement Petition and Claimant's disability status remained at total disability effective March 6, 2017. *See id.* at 60a.

While the foregoing Board appeal was pending, on January 7, 2019, Claimant submitted to an IRE performed by Scott Naftulin, D.O. Thereafter, on March 1, 2019, Employer filed a Petition to Modify Compensation Benefits (Modification Petition) seeking to reduce Claimant's status to partial disability based on Dr. Naftulin's determination following the IRE that Claimant had a whole-person impairment of 3%. RR at 57a.[4] At a hearing before the WCJ on both Claimant's

Guides in effect at the time the IRE provisions were enacted. *Protz I*, 124 A.3d at 416-17. On June 20, 2017, our Supreme Court issued *Protz II*, in which it agreed with our Court that the legislature unconstitutionally delegated its lawmaking authority when it enacted former Section 306(a.2) of the Act. The Supreme Court further determined, however, that the violative language of former Section 306(a.2) of the Act could not be severed from the rest of that section, and it struck the entirety of former Section 306(a.2) from the Act. *Protz II*, 161 A.3d at 841. Following *Protz II*, the legislature enacted new provisions of the Act, which require IREs to be performed using the AMA Guides, Sixth Edition (second printing April 2009). *See* Section 306(a.3) of the Act, 77 P.S. § 511.3.

*Yeager v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., Nos. 709 C.D. 2021, 736 C.D. 2021, 739 C.D. 2021, filed August 4, 2022), *appeal denied*, ___ A.3d ___ (Pa., No. 228 EAL 2022, filed February 15, 2023), slip op. at 7 (footnote omitted).

[4] Section 306(a.3)(1), (2) and (7) of the Act states:
(1) When an employe has received total disability compensation . . . for a period of [104] weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be

**(Footnote continued on next page…)**

Reinstatement Petition and Employer's Modification Petition, Employer submitted into the record Dr. Naftulin's report, which the WCJ determined to be "credible, logical, internally consistent, and persuasive." *Id.* As a result, in her February 20, 2020 decision, the WCJ also granted Employer's Modification Petition, modifying Claimant's disability status from total disability to partial disability effective January 7, 2019, the date of Dr. Naftulin's IRE. *See id.* at 60a.

requested by the insurer within [60] days upon the expiration of the [104] weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is . . . chosen by agreement of the parties, or as designated by the [D]epartment [of Labor and Industry (Department)], pursuant to the [AMA Guides], 6th [E]dition (second printing April 2009).

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA Guides], 6th [E]dition (second printing April 2009), the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits. . . . If such determination results in an impairment rating less than [35%] impairment under the [AMA Guides], 6th [E]dition (second printing April 2009), the employe shall then receive partial disability benefits . . . : Provided, however, That no reduction shall be made until [60] days' notice of modification is given.

\* \* \*

(7) In no event shall the total number of weeks of partial disability exceed [500] weeks for any injury or recurrence thereof, regardless of the changes in status in disability that may occur. In no event shall the total number of weeks of total disability exceed [104] weeks for any employe who does not meet a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA Guides], 6th [E]dition (second printing April 2009), for any injury or recurrence thereof.

77 P.S. §511.3(1), (2), and (7).

4

Both Claimant and Employer filed cross-appeals of the WCJ's decision. By opinion and order dated December 21, 2020, the Board affirmed the WCJ's decision. *See* RR at 62a-76a. On further appeal, this Court affirmed the Board's order. *See Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1180 (Pa. 2022).

On November 20, 2020, while the prior Board appeal was pending, Employer stopped paying Claimant's disability benefits upon his receipt of 500 weeks of partial disability payments. As a result, Claimant filed the instant Reinstatement Petition alleging, *inter alia*, that his "benefits were terminated because Employer alleged that [he] had reached 500 weeks of disability payments," and that "[i]n calculating the 500-week [partial disability] benefit period, Employer used benefits paid pursuant to an IRE which has since been found to be unconstitutional and was invalidated." RR at 1a.[5]

As the WCJ acknowledged at a hearing on the Reinstatement Petition, the matter presented "primarily a legal question" and the parties entered into a Stipulation of the Parties regarding the relevant facts. RR at 37a-76a, 83a. Before

---

[5] In its Answer to the Reinstatement Petition, Employer explained:

> Based on the WCJ's decision dated February 12, 2020, which was affirmed by the [Board], [] Claimant's benefits were modified to partial disability based on an Act 111 IRE as of January 7, 2019. Based on Act 111, [Employer] took a credit for all previous payments of partial disability benefits. When [Employer] paid 500 weeks of partial disability benefits, it stopped paying [] Claimant because he was no longer entitled to any further partial disability payments.

RR at 4a.

the WCJ, Claimant argued, *inter alia*, that Section 3(2) of Act 111,[6] which provided Employer with a credit for all partial disability benefits that he had been previously paid, violates the Due Process Clauses of the United States[7] and Pennsylvania Constitutions,[8] and the Remedies Clause of the Pennsylvania Constitution.[9] *See* RR at 27a-29a. Ultimately, the WCJ concluded that "Act 111 as applied to Claimant's situation is valid," and "he is without authority to conclude that Act 111 is unconstitutional." WCJ 9/10/21 Decision at 7. Accordingly, the WCJ issued an order dismissing Claimant's Reinstatement Petition. *Id.* at 8. Claimant timely appealed the WCJ's decision to the Board.

On March 22, 2022, the Board issued an opinion and order disposing of Claimant's appeal in which it stated the following, in relevant part:

---

[6] Section 3(2) of Act 111 states:

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

77 P.S. §511.3, Historical and Statutory Notes.

[7] Section 1 of the Fourteenth Amendment to the United States Constitution states, in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, §1.

[8] Article I, section 1 of the Pennsylvania Constitution states: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, §1.

[9] The Remedies Clause states: "[E]very man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." Pa. Const. art. I, §11.

Based on *Rose Corporation*[ *v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 561-62 (Pa. Cmwlth. 2020),] and *Pierson* [*v. Workers' Compensation Appeal Board (Consol Pennsylvania)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021)], we conclude that Claimant's due process challenge to Act 111 has already been addressed and rejected by Commonwealth Court. The legislature explicitly gave Act 111 retroactive effect with a credit to employers for partial disability benefits previously paid, and Act 111 is not unconstitutional because it does not abrogate any vested rights of claimants, as long as the IRE does not pre-date Act 111. Here, Claimant's most recent IRE was performed on January 7, 2019, which is after Act 111's October 24, 2018 effective date. Therefore, [Employer] is entitled to a credit for all partial disability benefits it previously paid to Claimant. Claimant acknowledges the Court's holding in *Pierson*, but argues that it was wrongly decided. However, we observe that the holding set forth in *Pierson* is binding precedent and this Board must follow it. . . . In sum, we determine that the WCJ did not err in dismissing Claimant's Reinstatement Petition. Nevertheless, we acknowledge that Claimant has properly preserved his stated issues concerning the constitutionality of Act 111 for any further appeal.

Board 3/22/22 Opinion at 7-8. Accordingly, the Board issued an order affirming the WCJ's decision. *See id.* at 9. Claimant then filed this timely petition for review.

On appeal, [10] Claimant again argues that the credit provision of Section 3(2) of Act 111 violates his due process rights as guaranteed by Section 1 of the

---

[10] As we have observed:

> Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011). As to questions of law, our standard of review is *de novo* and

**(Footnote continued on next page…)**

7

Fourteenth Amendment to the United States Constitution and article I, section 1 of the Pennsylvania Constitution,[11] and the Remedies Clause of article I, section 11 of the Pennsylvania Constitution. As a result, he asserts that the Board erred in affirming the WCJ's decision dismissing his Reinstatement Petition. We do not agree.

With respect to the retroactive application of the credit provisions of Section 3(1) and (2) of Act 111, this Court has previously observed:

> The plain language of Section 3 establishes a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid. First, Section 3(1) provides that an employer/insurer "shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph" for purposes of determining whether the 104 weeks of total disability had been paid. This 104 weeks is important because, under both the former and current IRE provisions, a claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation. 77 P.S. §[511.3](1); *former* [S]ection 77 P.S. §[511.2](1). *See* Section 3(1) of Act 111. Therefore, pursuant to Section 3(1), an employer/insurer will receive credit towards this 104 weeks for any weeks of total disability benefits that were previously paid prior to Act 111's enactment. Second, an employer/insurer will be given credit for any weeks of partial disability compensation

<hr />

our scope of review is plenary. *Pitt-Ohio Express v. Workers' Compensation Appeal Board (Wolff)*, 912 A.2d 206, 207 (Pa. 2006).

*Hender-Moody v. American Heritage Federal Credit Union (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022), *appeal denied*, 284 A.3d 119 (Pa. 2022), slip op. at 3 n.3.

[11] "[T]he due process provisions of the United States and Pennsylvania Constitutions are generally treated as coextensive. This Court's due process analysis, therefore, is the same under both federal and state law." *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060, 1062 n.2 (Pa. Cmwlth. 2010) (citation omitted).

8

paid prior to enactment of Act 111 "[f]or the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct." Section 3(2) of Act 111. In short, any weeks of partial disability previously paid will count towards the 500-week cap on such benefits.

Accordingly, Section 3 of Act 111 does not evidence clear legislative intent that the entirety of Act 111 should be given retroactive effect. Instead, it appears the General Assembly intended that employers and insurers that relied upon former Section 306(a.2) to their detriment by not pursuing other methods of a modification should not bear the entire burden of the provision being declared unconstitutional. Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid. However, for the benefit of claimants, the General Assembly also specifically reduced the impairment rating necessary for a claimant's status to be changed from 49% or lower to 34% or lower, making it more difficult for employers to change total disability status to partial disability status. That the General Assembly used specific language to give retroactive effect to these carefully selected individual provisions does not make the entirety of Act 111 retroactive as the amendment lacks clear language to that effect.

*Rose Corporation*, 238 A.3d at 561-62 (citation and footnote omitted).

Nevertheless, as in this case, the claimant in *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430, 433-34 (Pa. Cmwlth. 2022), argued that "by permitting employers to use weeks of TTD accrued under the previous, unconstitutional IRE statute, Act 111's credit provisions violate the Pennsylvania Constitution's due process and due course of law principles [of the Remedies Clause] . . . .[12]" Specifically, we noted that "at issue here is

_____

[12] As we noted in *DiPaolo*:

**(Footnote continued on next page…)**

9

whether [the c]laimant has a vested right in the TTD status restored to her as of February 2016 after the *Protz* cases struck the prior IRE statute, but before the enactment of Act 111 in October 2018." *Id.* at 434-35.[13]

In rejecting the claimant's Due Process Clause and Remedies Clause claims, we stated, in relevant part:

> This Court squarely addressed this question in *Pierson*. There, the claimant sustained a work-related injury in 2014. 252 A.3d at 1172. In light of the *Protz* cases, the claimant was not subject to an IRE and therefore was on TTD status until December 2018, when the employer sought an IRE after Act 111 became effective. *Id.* The IRE returned an impairment rating of 3% and the claimant's status was modified to TPD as of the IRE date. *Id.* The claimant preserved due process and due course of law challenges to Act 111, which the WCJ and Board did not rule on, recognizing their jurisdictional limitations. *Id.* On the claimant's appeal to this Court, we rejected the claimant's constitutional claims, holding that while a workers' compensation claimant does have a "certain right to benefits until such time as he is found to be ineligible for them," there are also "reasonable expectations under the Act that benefits may change." *Id.* at 1179. We explained that claimants did not "automatically lose

> [A]lthough similar to the oft-used term "due process," the term "due course of law" has a distinct meaning in the Remedies Clause: "The right to due process protects people against official deprivations of liberty or property by the state, except by 'law of the land.' By contrast, the right to 'due course of law' provides an independent guarantee of legal remedies for private wrongs by one person against another, through the state's judicial system."

*DiPaolo*, 278 A.3d at 434 (citations omitted).

[13] This was the critical analysis underlying both constitutional claims because "[l]ike due process, due course of law requires a party to establish a vested right impacted by a retroactive statutory action, and the definition of a vested right is the same." *DiPaolo*, 278 A.3d at 434 (citation omitted).

10

anything by the enactment of Act 111," which "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of TTD benefits." *Id.* at 1179.

Following our decision in *Pierson*, this Court has consistently held that Act 111 does not abrogate or substantially impair a claimant's vested rights in workers' compensation benefits because there is no right to ongoing TTD status. *See, e.g.*, *Hutchinson*[, 260 A.3d at 367] (relying on *Pierson* to dismiss claimant's constitutional claims against Act 111).[14] In *Sochko v. National Express Transit Service (Workers' Compensation Appeal Board)* [(Pa. Cmwlth., No. 490 C.D. 2021, filed March 16, 2022)], we explained further:

> [E]ven during the time when the previous IRE provisions had been invalidated by the *Protz* cases but before Act 111 became effective, employers were not devoid of a means to modify a claimant's benefit status. Section 413(a) of the Act, which has been part of our workers' compensation legislation since its beginning over 100 years ago, has always provided employers (as well as claimants) with the general ability to seek a change in benefits at any time based on "proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased." 77 P.S. §772. Section 306(b) of the Act, which also has roots in the early decades of workers' compensation law, specifically enables employers to modify a claimant's disability status from total to partial by showing that the claimant has regained some earning power. 77 P.S. §512(2). Since the 1996 onset of more cost-efficient IREs, employers were less likely to challenge a claimant's status via litigation, but the option was always available. Thus, while it is true that "a claimant retains a

---

[14] In his prior appeal, Claimant presented distinct constitutional claims from those that have been raised herein. *See Hutchinson*, 260 A.3d at 366-67.

11

> certain right to benefits until such time as he is found to be ineligible for them," claimants do not acquire a vested right in total disability status at any given time because that status has always been subject to potential litigation by employers.
>
> *Id.*, slip op. at 12-13 [] (citations omitted). Notably, the claimant is not without recourse, because Act 111 "specifically provides that a claimant placed in partial disability status based on an IRE may challenge the change in his or her status by either presenting a subsequent IRE reflecting a 35% or more impairment rating or establishing through litigation that his or her earning power has decreased." *Id.*, slip op. at 13 n.10 [] (citing 77 P.S. §511.3(3), (4)).

*DiPaolo*, 278 A.3d at 435-36 (citation to record and footnote omitted).[15] Likewise, we rely on the rationale of the foregoing authority that have continually and consistently rejected claims such as those raised by Claimant herein to invalidate a credit for the partial disability benefits paid under Section 3(2) of Act 111.

Although Claimant acknowledges the holdings of this Court in *DiPaolo* and *Pierson*, he claims that they "were wrongly decided and that the arguments raised by the claimants in *DiPaolo* and *Pierson*, and by Claimant herein, will be accepted by the Pennsylvania Supreme Court." Brief for Petitioner at 24. However,

---

[15] *See also DiPaolo*, 278 A.3d at 438, wherein we noted:

> [The c]laimant's assertions rest on the proposition that when our Supreme Court struck the previous IRE provisions in *Protz* [*II*], that provision was void *ab initio*, as though it had never been enacted in 1996, and any claimant who underwent an IRE prior to the *Protz* decisions was automatically restored to pre-IRE status. However, our courts have never held that to be the case, and several decisions have placed temporal limits on the application of *Protz II*. . . . Thus, contrary to [the c]laimant's assertions, we have never held that any IRE preceding the *Protz* cases was automatically erased in its entirety, including the weeks of benefits paid by employers for claims arising prior to Act 111. [(Citations omitted).]

12

we will not accede to Claimant's request to disregard this binding precedent that we are required to follow,[16] which supports our conclusion that the Board did not err in affirming the WCJ's decision dismissing Claimant's Reinstatement Petition.

Accordingly, the Board's order is affirmed.

MICHAEL H. WOJCIK, Judge

---

[16] *See, e.g.*, *Piatek v. Pulaski Township*, 828 A.2d 1164, 1171 n.11 (Pa. Cmwlth. 2003) ("'The rule of *stare decisis* declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different.'") (citations omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Hutchinson, :
:
Petitioner :
:
v. : No. 314 C.D. 2022
:
Annville Township (Workers' :
Compensation Appeal Board), :
:
Respondent :

# **O R D E R**

AND NOW, this 15th day of August, 2023, the order of the Workers'
Compensation Appeal Board dated March 22, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge