IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eugene Kittles, : 
              : 
               Petitioner : 
              : 
           v. : No. 1058 C.D. 2023
              : Submitted: July 5, 2024
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
              : 
              Respondent : 


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: September 17, 2024


Eugene Kittles (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) granting the City of Philadelphia's (Employer) Modification Petition based on an Impairment Rating Evaluation (IRE), and modifying Claimant's indemnity benefits from total to partial disability. Claimant challenges as unconstitutional the retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation Act (Act),[1] altering the criteria for determining whether a claimant's disability is total or

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §511.3.

partial in nature and providing that an impairment rating of less than 35% constitutes a partial disability. Upon review, we affirm.

## I. Background

The facts are not in dispute. On August 12, 2015, Claimant sustained a work-related injury to his left leg while working for Employer as a police officer. Employer accepted liability for the injury by issuing a Notice of Compensation Payable, which described the injury as "left leg strain and twist resulting in swelling." Reproduced Record (R.R.) at 102a.

On October 18, 2021, Employer filed a Modification Petition seeking to change Claimant's disability status from total to partial under Act 111 based on the results of an IRE performed by Michael Fischer, D.O. (Dr. Fischer), on September 9, 2021, which yielded an impairment rating of less than 35%. Employer also filed a Modification/Suspension Petition based on alleged self-employment arising from Claimant's receipt of rental income. Claimant denied the material allegations in Employer's petitions and raised constitutional challenges.

Before the WCJ, and in support of its Modification Petition, Employer presented Dr. Fischer's January 18, 2022 deposition testimony and his IRE report. After reviewing Claimant's medical history and records, and performing a physical examination, Dr. Fischer opined that Claimant had reached maximum medical improvement and had a whole-person impairment rating of 5%. The WCJ credited the testimony and opinions of Dr. Fischer and accepted his opinions as fact.

By decision and order circulated on January 9, 2023, the WCJ granted Employer's Modification Petition and modified Claimant's benefit status from total disability to partial disability effective September 9, 2021, the date of the IRE. As

2

for Claimant's constitutional challenge, the WCJ stated that he lacked jurisdiction to address Claimant's constitutional challenges but noted that Act 111 and the IRE process have been upheld as constitutional. The WCJ also denied and dismissed Employer's Modification/Suspension Petition, which is not at issue in this appeal.

Both the Claimant and Employer appealed to the Board, which affirmed. Before the Board, Claimant reasserted his constitutional challenges. Specifically, Claimant argued that Act 111's retroactive application to a work injury occurring before its enactment violates the Remedies Clause of the Pennsylvania Constitution, Pa. Const. art. I, §11. Claimant also argued that Act 111 violates the Nondelegation Doctrine embodied in article II, section 1 of the Pennsylvania Constitution, Pa. Const. art. II, §1. In response, the Board stated that, as an administrative agency, it lacked authority to declare a statute unconstitutional. Nevertheless, the Board noted that this Court has previously addressed and rejected similar constitutional challenges. Board Op., 8/22/23, at 6-7 (citing *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360 (Pa. Cmwlth. 2021); *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co., LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021); and *Rose Corp. v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020)). Claimant's appeal to this Court now follows.[2,3]

---

[2] Employer did not petition for review. Employer submits that this Court should affirm the Board's decision in its entirety. *See* Respondent's Brief at 3.

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011). As to questions of law, our standard of review is *de novo* and our scope of review is plenary. *Pitt-Ohio Express v. Workers' Compensation Appeal Board (Wolff)*, 912 A.2d 206, 207 (Pa. 2006).

## II. Issues

Claimant asserts that the retroactive application of Act 111 to work injuries that occurred before its effective date, October 24, 2018, violates the Remedies Clause of the Pennsylvania Constitution. According to Claimant, this retroactive application negatively impacts his vested right to unimpaired total disability benefits by changing his disability status from total to partial and limiting the number of claim weeks to which he is entitled. Because Act 111 was passed after Claimant's work injury, and does not contain clear language evidencing retroactive intent, Act 111's IRE mechanism cannot be retroactively applied to extinguish his vested right to benefits without violating the Remedies Clause. In addition, Claimant contends that Act 111 amounts to an unconstitutional delegation of legislative authority.

## III. Discussion

On October 24, 2018, the General Assembly enacted Act 111, which immediately went into effect. Act 111 repealed Section 306(a.2), *formerly* 77 P.S. §511.2,[4] and added Section 306(a.3) of the Act, 77 P.S. §511.3. Section 306(a.3) reestablished the IRE process in a manner intended to cure the constitutional deficiency identified in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).[5] Act 111 largely

---

[4] Added by the Act of June 24, 1996, P.L. 350.

[5] In *Protz*, the Pennsylvania Supreme Court held that the IRE provisions contained in former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, violated the Nondelegation Doctrine of the Pennsylvania Constitution and struck the entirety of former Section 306(a.2) as unconstitutional. *Protz*, 161 A.3d at 841. Under former Section 306(a.2), a physician conducting an IRE was to use the "most recent edition" of the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment" (AMA Guides). *Protz*, 161 A.3d at 830. The *Protz*
**(Footnote continued on next page…)**

4

reenacted the IRE provisions held unconstitutional in *Protz* but to cure the constitutional infirmity Act 111 specified that an IRE must utilize the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment," Sixth Edition (second printing April 2009) (Sixth Edition of the AMA Guides). Notably, Section 306(a.3)(2) of the Act lowered the threshold percentage of impairment below which a claimant's disability status could be modified from 50%, under former Section 306(a.2)(2) of the Act, to 35%. 77 P.S. §511.3(2). If an IRE yields an impairment rating that is greater than or equal to 35%, the claimant is presumed totally disabled. *Id.* However, if the IRE yields an impairment rating that is less than 35%, then the claimant is considered partially disabled. *Id.* Under Section 306(b)(1) of the Act, a claimant's receipt of partial disability benefits is limited to 500 weeks. 77 P.S. §512(b)(1).

## A. Remedies Clause

We first address Claimant's familiar claim that the retroactive application of Act 111 to work injuries occurring before its effective date, October 24, 2018, violates the Remedies Clause of the Pennsylvania Constitution.

The Remedies Clause states:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

---

Court held that this amounted to an unconstitutional delegation to the AMA of the General Assembly's lawmaking power because the AMA could revise the standards for determining impairment at any time with unfettered discretion. *Id.* at 841.

5

Pa. Const. art. I, §11. As interpreted, "the Remedies Clause prohibits the enactment of retroactive legislation[6] if the application . . . would extinguish a vested right." *Kondidaris v. Portnoff Law Associates, Ltd.*, 953 A.2d 1231, 1235 (Pa. 2008). "[W]here no vested right . . . is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events prior to that date." *Pierson*, 252 A.3d at 1175 (citation and quotation omitted).

In *Rose Corp.*, this Court ruled that Act 111 applies to injuries that occurred before its October 24, 2018 enactment date, but not to IREs performed prior thereto. 238 A.3d at 561. Thereafter, in *Pierson*, we held that the application of Act 111 to injuries predating its enactment does not violate a claimant's vested rights under the Remedies Clause. 252 A.3d at 1175. We observed that "there are reasonable expectations under the Act that benefits may change." *Id.* at 1177. We explained that Act 111 does not impose new legal burdens on a past transaction or occurrence or otherwise change the status of a claimant's workers' compensation benefits. *Id.* at 1179. Rather, Act 111 merely provides employers with a mechanism to modify "a claimant's disability status from total to partial by providing requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of [total temporary disability] benefits." *Id.* at 1179.

---

[6] Retroactive legislation

> "relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired . . . . A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence."

*Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018) (quoting *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980)).

In *Hutchinson*, 260 A.3d at 366-67, this Court reaffirmed this holding. Despite numerous requests to revisit our holding in *Pierson*, claiming it was wrongly decided, we have repeatedly declined to do so. *See, e.g.*, *Dunetz v. Charles H. Sacks D.M.D., P.C. (Workers' Compensation Appeal Board)*, 304 A.3d 134, 142-43 (Pa. Cmwlth. 2023) (*en banc*), *appeal denied*, (Pa., No. 617 MAL 2023, filed June 24, 2024); *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022), *appeal denied*, (Pa., No. 191 WAL 2022, filed January 3, 2023); *see also Bernard v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 886 C.D. 2023, filed August 13, 2024) (rejecting identical arguments raised here); *Dixon v. City of Philadelphia* (Pa. Cmwlth., No. 1000 C.D. 2022, filed June 7, 2024), slip op. at 5-7 (identifying numerous cases rejecting similar constitutional claims).[7]  Claimant does not proffer a persuasive reason why we should revisit our holding in *Pierson* and its progeny. *See Bernard.*  Because "we are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated," *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020), we once again reject this constitutional challenge.

### B. Nondelegation Doctrine

Turning to whether Act 111 constitutes an unconstitutional delegation of legislative authority, this Court has similarly considered and rejected this claim.

---

[7] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

The Nondelegation Doctrine is embodied in article II, section 1 of the Pennsylvania Constitution, which provides: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, §1. The Nondelegation Doctrine "forbids entities other than the legislative branch from exercising 'legislative power,' as those entities do not have 'the power to make law.'" *Corman v. Acting Secretary of Pennsylvania Department of Health*, 266 A.3d 452, 460 n.3 (Pa. 2021) (quoting *Protz*, 161 A.3d at 833).

In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd per curiam* (Pa., No. 88 MAP 2019, filed August 18, 2020), we determined that Act 111 was not an unconstitutional delegation of legislative authority because the General Assembly adopted a particular set of standards in existence as its own – the Sixth Edition of the AMA Guides. "The standards adopted were not 'unseen' or unknown to the General Assembly at the time it enacted Section 306(a.3)" of the Act. *Id*. at 316. "When such an adoption occurs, the General Assembly is exercising its legislative and policy making authority by deciding . . . those particular standards that will become the law of this Commonwealth." *Id*. It is not delegating its authority to legislate. *Id*. Based on *Pennsylvania AFL-CIO*, we again reject Claimant's argument that Section 306(a.3) violates the Nondelegation Doctrine. *See Bernard.*

## IV. Conclusion

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eugene Kittles, :
:
Petitioner :
:
v. : No. 1058 C.D. 2023
:
City of Philadelphia (Workers' :
Compensation Appeal Board), :
:
Respondent :

# **O R D E R**

AND NOW, this 17th day of September, 2024, the order of the Workers'
Compensation Appeal Board, dated August 22, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge